UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRUCE ARNOFF, | ) | |
| | ) | CASE NO.  1:23-cv-140 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| | ) | |
| KENNETH LIEUX, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

        Before the Court is Magistrate Judge James E. Grimes, Jr.'s Report and Recommendation
(Doc. No. 6) (the "R&R").  This matter was referred to the Magistrate Judge under Local Rule
72.2(a) and was specially designated for both pretrial supervision and preparation of an R&R
with respect to any dispositive motion.  (Doc. No. 3.)

        The Magistrate Judge, on his own motion, identified that this Court may not have subject
matter jurisdiction.  (Doc. No. 4 (styled as an Order to Show Cause).)  Plaintiff Bruce Arnoff
was directed to address the apparent lack of a federal question and the lack of diversity between
Arnoff and Defendant Kenneth Lieux.  Lieux was Arnoff's court-appointed counsel in earlier
state court criminal proceedings. (Doc. No. 1; Doc. No. 1-1 at PageID 5.)

        Arnoff filed papers in response.  (Doc. No. 5.)  Arnoff did not attempt to show diversity
of citizenship, and so he has forfeited such an argument.  Arnoff did mention a federal question,
however: "Lieux violated Arnoff's 6th Amendment Right to Competent Counsel."  (*Id.* at PageID
26.)  Arnoff argued that "but for Lieux's multiple errors, the outcome would have been
substantially different" in state court criminal proceedings.  (*Id.* at PageID 27.)

The R&R acknowledged that Arnoff's response referred to a violation of the Sixth Amendment but noted that "Arnoff didn't seek leave to amend his complaint to add a Sixth Amendment claim, so Arnoff's Complaint still does not present a federal question." (R&R., Doc. No. 6 at PageID 32.)

The original Complaint included one stray reference to a federal question: "the Conviction and Sentence of Bruce Arnoff in Case No. 18 CR 098905 should be reversed as Bruce Arnoff's 6th Amendment Constitutional Rights have been violated." (*Id.* at PageID 8.) Notwithstanding this reference, the bulk of Arnoff's Complaint plainly asserted state law causes of action and violations of Ohio Rules of Professional Responsibility. (*See* Doc. No. 1-1 at PageID 2-8.) In this instance, the Court does not have subject matter jurisdiction to hear grievances governed by state law. *Cf. Sekata v. FedEx*, No. 5:20-CV-203, 2020 WL 6546211, at *2 (N.D. Ohio Nov. 6, 2020) (holding that a complaint's single stray reference to a federal statute was not enough to exercise federal question jurisdiction); *Norton v. Perry,* No. CV 5:16-438-DCR, 2017 WL 29336, at *2 (E.D. Ky. Jan. 3, 2017) ("[V]ague references to constitutional rights, without more, will not confer federal question jurisdiction under § 1331.")

Following issuance of the R&R, Arnoff filed a "Motion for an Amended Complaint" in which he asserted: "This claim is also actionable under 42 U.S.C. § 1983 as Arnoff was deprived of his 6th Amendment Rights . . . ." (Doc. No. 7 at PageID 34.) Although he filed a motion to amend, Arnoff did not file a timely objection to the R&R. His failure to do so likely waived his right to appeal. *See generally Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 597 (6th Cir. 2006); *Thomas v. Arn*, 474 U.S. 140, 154-55 (1985).

"A court need not grant leave to amend . . . where amendment would be 'futile.' Amendment of a complaint is futile when the proposed amendment would not permit the

complaint to survive a motion to dismiss." *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005) (citations omitted). This Court agrees with the R&R, which identified two defects in the substance of Arnoff's purported Sixth Amendment claim. (*See* Doc. No. 6 at PageID 32.) Those defects render Arnoff's motion to amend futile.

First, Lieux was not a state actor when he represented Arnoff. Section 1983 makes "liable" "[e]very person" who "under color of" state law "subjects, or causes to be subjected," another person "to the deprivation of any rights, privileges, or immunities secured by the Constitution[.]" 42 U.S.C. § 1983. The Supreme Court has held that a public defender does not act "under color of state law" when representing an indigent defendant in a state criminal proceeding. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 314 (1981); *see also Goodell v. Malkin*, No. 20-1862, 2021 WL 4050629, at *2 (6th Cir. July 26, 2021) ("Even if [defendant] had been acting in his traditional representative capacity as a public defender, he would not have qualified as a state actor for purposes of § 1983 liability."). Accordingly, Lieux is not subject to liability under Section 1983 – at least not in the role and on the facts stated in Arnoff's Motion for an Amended Complaint. (Doc. No. 7.)

Second, to the extent that the Complaint in this action seeks relief from Arnoff's state court criminal conviction, those are not forms of relief available under Section 1983. Moreover, Arnoff's pending habeas petition raises the same purported representation deficiencies of alleged in this matter. *See Arnoff v. Black,* No 1:22-cv-375 at Doc. Nos. 17, 99, & 109 (N.D. Ohio). Arnoff may not raise in a Section 1983 claim here that another district judge will decide when resolving Arnoff's habeas petition.

Moreover, with no federal claim, the Court will not exercise supplemental jurisdiction over the state-law claims and professional responsibility grievances alluded to in the Complaint.

"A district court has broad discretion in deciding whether to exercise supplemental jurisdiction over state law claims. . . . When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims . . . ." *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996), *amended on denial of reh'g*, No. 95-5120, 1998 WL 117980 (6th Cir. Jan. 15, 1998).

For the same reasons that Arnoff's motion to amend is futile, so too is his motion for an evidentiary hearing.  (*See* Doc. No. 8.)  That motion contains references to evidence attacking the state court proceedings.  In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a Section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.  28 U.S.C. § 2254.  *See Heck v. Humphrey*, 512 U.S. 477, 486 (1994); *cf. Cummings v. City of Akron*, 418 F.3d 676, 682 (6th Cir. 2005).  These cases show that a claim for damages based on a conviction or sentence that has not been invalidated is not cognizable under Section 1983.  Arnoff's claimed newly discovered evidence is a matter to be raised in his habeas petition or in state courts.

For the reasons stated above, the Report and Recommendation, to which no objection was filed, is ACCEPTED and ADOPTED.  (Doc. No. 6.)  Arnoff's Complaint is dismissed for lack of subject matter jurisdiction and his motion to proceed in forma pauperis is denied as moot.  (Doc. Nos. 1 & 2.)  The motion to amend the Complaint is DENIED as futile.  (Doc. No. 7.)  Defendant's motion for an evidentiary hearing is DENIED as moot.  (Doc. No. 8.)  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken

in good faith.

     This case is hereby DISMISSED.


**IT IS SO ORDERED.**

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE

Date: May 2, 2023