UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRUCE ARNOFF, | ) | |
| | ) | CASE NO.  1:23-cv-140 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| KENNETH LIEUX, | ) | |
| | ) | **ORDER** |
| Defendant. | ) | |

Before the Court is Plaintiff's motion for reconsideration and for leave to amend complaint.  (Doc. No. 11.)  For the reasons that follow, this motion is DENIED.

### **Reconsideration**

On March 13, 2023, Magistrate Judge Grimes issued a Report and Recommendation (R&R), which recommended this Court dismiss Plaintiff's complaint for lack of subject matter jurisdiction and deny Plaintiff's motion to proceed *in forma pauperis* as moot.  (Doc. No. 6.)  In lieu of filing objections to the R&R, Plaintiff filed a motion for leave to amend complaint (Doc. No. 7) and a motion for an evidentiary hearing (Doc. No. 8).  On May 2, 2023, the Court issued an order adopting the R&R and denying the motions for leave to amend and for an evidentiary hearing.  (Doc. No. 9.)  Plaintiff asks the Court to reconsider this Order.

Although the Federal Rules of Civil Procedure do not formally provide for reconsideration, the reasons for altering or amending a judgment under Fed. R. Civ. P. 59 or for obtaining relief from a judgment under Fed. R. Civ. P. 60 generally delineate the circumstances under which a court will grant reconsideration.

Justifying reconsideration requires a moving party to: (1) demonstrate an intervening change in the controlling law; (2) establish that new evidence is available; or (3) prove that a clear error occurred or that reconsideration is necessary to prevent manifest injustice. *Louisville/Jefferson Cnty. Metro. Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009). A district court retains discretion to entertain such a motion. *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 n.7 (6th Cir. 2004).

Reconsideration constitutes an "extraordinary remedy reserved for exceptional cases." *Hines v. Comm'r of Soc. Sec.*, 414 F. Supp. 3d 1080, 1081 (S.D. Ohio 2019) (citations and quotations omitted). It is not an opportunity to reargue matters or "to raise arguments which could, and should, have been made before judgment issued." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (quoting *Fed. Deposit Ins. Corp. v. World Univ. Inc.*, 978 F.2d 10, 16 (1st Cir. 1992)).

The only argument Plaintiff advances in support of reconsideration is that the Court was required – but did not – provide him with the "considerable leniency" his *pro se* status demands. (Doc. No. 11 at PageID 47.) Although *pro se* plaintiffs enjoy the benefit of liberal construction of their pleadings, the Court is not required to conjure unpleaded facts or construct claims against defendants. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). As stated in the Order, Plaintiff's complaint did not state a federal claim, and his motion for leave did not establish his ability to do so in an amended complaint. (Doc. No. 9 at PageID 42-44.)

In the end, Plaintiff has not demonstrated a clear error of law, an intervening change in the law, newly discovered evidence, or manifest injustice such that the Court's order should be altered or amended. The motion for reconsideration is denied.

**Amend Complaint**

Plaintiff also asks this Court to grant him 90 days leave to presumably amend his complaint, as he "feels that under the Federal Tort Claims Act he made a valid claim" against Defendant.  (Doc. No. 11 at PageID 47.)

"A court need not grant leave to amend . . . where amendment would be 'futile.' Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss."  *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005) (citations omitted).

Here, leave would be futile because a Federal Tort Claim Act (FTCA) claim against Defendant would not survive a motion to dismiss.  According to Plaintiff's complaint, Defendant was a public defender appointed to represent him in a state court proceeding.  (See Doc. No. 1-1.)  "The FCTA provides jurisdiction for suits against the United States regarding torts committed by federal officials, not state officials."  *Dartz v. Vienna Corr. Ctr.*, No. 13-cv-00889-JPG, 2013 WL 5435806, at *2 (S.D. Ill. Sept. 30, 2013) (citations omitted); *see, e.g.*, *Palacios v. United States*, No. 4:10-cv-556, 2010 WL 1873043, at *1 (N.D. Ohio May 10, 2010) ("Under the FTCA, 'employee of the government' includes officers or employees of any *federal* agency, but does not include employees of a *state* agency.").  Defendant is not an officer or employee of the federal government.  The FCTA, therefore, cannot be used to bring a claim against him in federal court.  The motion to amend is denied.

For the reasons stated herein, Plaintiff's motion for reconsideration and for leave to amend is DENIED.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE

**Date**: August 1, 2023